Green et al. v. Sutton et al.

EZRA GREEN *et al.*, Appellants, *v.* JONATHAN K. SUTTON *et al.*, Respondents.

1. *Married Women* — Jus disponendi. — A married woman will have the uncontrolled disposition of property left to her sole and separate use, notwithstanding the fact that the mode of its disposition is by the terms of the deed made specific, as by a writing signed and witnessed by two witnesses, or by devise. She is not restricted to that mode, but may adopt any other method known to the law, unless affirmatively confined to the one named.

2. *Deeds* — *Life estate* — *Remainder* — Habendum. — If a deed embrace inconsistent provisions, some indicating a power of absolute disposal, which can only be had by the holder of the fee, and others creating a remainder which supposes a life estate, the words of the *habendum* clause should control, and there can be no remainder.

3. *Deeds* — *Conveyance, with power of disposition.* — A conveyance coupled with a distinct and naked power of disposition always carries the fee, unless such conveyance be made by express words to vest an estate for life only. (On this proposition Adams, J., expressed no opinion.)

4. *Lands and land titles* — *Life estate* — *Limitation over.* — There cannot be a limitation over, after the death of a tenant for life, to the heirs of one then living. And in construing a deed made to A., with remainder over to the heirs of B., where it was doubtful whether the grantor intended conveying to A. an estate in fee simple or for life, the former intention might be inferred from the chance that B. would perhaps survive A., and so the estate might lapse; and in determining this question, it would be immaterial whether A. held the legal or the equitable estate.

*Appeal from St. Louis Circuit Court.*

*Daniel Dillon*, for appellants.

I. Nancy A. Green under this deed took a life estate only, with certain specified powers. (*a*) The entire deed must be construed together, and effect given to every part of it if possible. (Smith v. Bell, 6 Pet. 68; Wager v. Wager, 1 Serg. & R. 374; Pryor v. Quackenbush, 29 Ind. 475; Siegwald v. Siegwald, 37 Ill. 430; Richardson v. Palmer, 38 N. H. 218; Bogy v. Gibson, 28 Mo. 479.) (*b*) The deed, taken as a whole, shows that it was not the intent to give the entire property to Nancy A. Green absolutely, but, on the contrary, to give her but a life estate with certain powers. The deed will be construed so as to give effect to this evident intent, if possible to do so without violating any established rule of law. (Smith v. Parkhurst, 3 Atk. 136; Good-

Green et al. v. Sutton et al.

title v. Bailey, Cowper, 600 ; Bridge v. Wellington, 1 Mass. 227; Pray v. Pierce, 7 Mass. 384 ; Frost v. Spalding, 19 Pick. 446 ; Barnes v. Haybarger, 8 Jones, Law, 76 ; Chamberlain v. Cram, 1 N. H. 64 ; Jackson v. Meyers, 3 Johns. 395 ; Peyton v. Ayres, 2 Md. Ch. 64 ; Brannan v. Musick, 10 Cal. 105 ; Hagan's Heirs v. Welcker, 14 Mo. 177; Jecko v. Taussig, 45 Mo. 167.)

II. Defendants say that a life estate not having been expressly given Nancy A. Green, the power of disposition given to her converted her estate into an absolute fee. This rule, relied on by defendants, does not apply for at least three reasons : First, because the rule applies only in cases where the instrument shows it to have been the intent to give the first taker the fee. It is a rule of presumed intent. (Rubey v. Barnett, 12 Mo. 7; Burwell's Ex'r v. Anderson's Adm'r, 3 Leigh, 356 ; Cooke v. Husbands, 11 Md. 507; Ide v. Ide, 5 Mass. 504.) Secondly, the rule requires that the power of disposition be an unlimited one to dispose of the property at mere will and pleasure, as one might do with his own property. (1 Chance on Powers, 40 ; Hall v. Robinson, 3 Jones, Eq., 352 ; Pulliam v. Byrd, 2 Strob. Eq. 142 ; 17 Pick. 339 ; Prudens v. Prudens, 14 Ohio St. 255 ; Dedrick v. Armour, 10 Humph. 593 ; Burwell's Ex'r v. Anderson's Adm'r, 3 Leigh, 355 ; Jackson v. Bull, 10 Johns. 19 ; Jackson v. Robbins, 16 Johns. 537; McLean v. McDonald, 2 Barb. 534 ; Ide v. Ide, 5 Mass. 500 ; Burbank v. Whitney, 24 Pick. 146 ; Pickering v. Langdon, 22 Me. 413 ; Ramsdell v. Ramsdell, 21 Me. 288; Moore v. Webb, 2 B. Monr. 282 ; Att'y-Gen'l v. Hall, Fitzg. 314; Ross v. Ross, 1 J. & W. 154 ; Brown v. Gibbs, 1 R. & M. 614 ; Rubey v. Barnett, 12 Mo. 7.) In all these cases the court will see that the power was of the unconditional character above mentioned. Thirdly, the rule is applicable to wills only and not to deeds. (1 Sugd. Pow. 121.) It will be observed that all the cases above referred to, in which the rule was held to apply, were cases of wills. (a) Our statute (Wagn. Stat. 1351, § 2) does not affect this case, as it does not apply where the intent to pass a less estate than a fee is necessary implied in the terms of the grant. (b) If these were legal estates, the deed should be construed as giving Nancy A. Green a life estate with a power, and

the intent of the parties carried out. But this was a conveyance by bargain and sale, and the legal title was vested in the trustee in fee, and equitable estates only given to the beneficiaries. (Gilbert Uses, 285; Prest. Abstr. 141; 2 Blackst. Com. 338; 1 Lomax R. P. 191; 2 Lomax, 129, 130; 2 Washb. R. P., 3d ed., 392, 420, 428; 16 Johns. 304; 5 Wall. 282; Guest v. Farley, 19 Mo. 147.) For the purpose of carrying out the intent of the parties, courts of equity, in dealing with equitable estates, adopt a more liberal rule of construction than courts of law can in dealing with legal estates. (Watk. Descents, 168; Hayes' El. Com. Law, Eq. & Tr. Est. 7; 1 Fearne Cont. Rem., 4th Am. ed., 90, 124, 144, 445; 4 Kent, 303–4; Bagshaw v. Spencer, 2 Atk. 570; Brailsford v. Heyward, 2 Desauss. 293. (c) Defendants say that if the deed conveyed to Nancy A. Green a life estate only with a power, the limitation to the heirs of Henry S. Green cannot be sustained, for the reason that their interest was a contingent remainder which did not vest at or before the termination of the particular estate. It is not necessary in trust estates that contingent remainders should vest at or before the termination of the particular estate. (1 Fearne Cont. Rem. 304–5; Hayes' El. Com. Law, Eq. & Tr. Est. 69–71; 1 Spence Eq. Jur. 455, 505; 1 Prest. Abstr. 133, 146; Prest. Est. 148; Crabbe R. P. 528, 53 Law Lib.; Williams R. P. 264; 1 Lomax R. P. 435; 2 Washb. R. P., 3d ed., 462–3; Chapman v. Blissett, Temp. Talbot, 150; Hopkins v. Hopkins, 1 Atk. 581; Robinson v. Robinson, 2 Ves. Sr. 226.)

III. If it be held that Nancy A. Green took a fee, it was a defeasible one in the equitable estate. Even if this was a case where the use was executed by the statute of uses, the limitation to the heirs of Henry S. Green should be upheld as a shifting use. (Fearne Cont. Rem. 274–6; Crabbe R. P. 493–8, 53 Law Lib.; Williams R. P., 3d Am. ed., 267 *et seq.*; 4 Kent, 396–7; 2 Washb. R. P. 574–8.) But, as we have, seen, this is not a case of a use executed, but a trust; *i. e.*, a use not executed by the statute. As a trust estate it would seem that there is no difficulty in sustaining the limitation to the heirs of Henry S. Green, even supposing Nancy A. Green to have taken the fee. (Bac. Uses,

9 *et seq.*; Cornish Uses, 18–21, 1 Law Lib.; 1 Cruise Dig. 336, 370; 1 Sand. Uses, 62–9; Fearne Cont. Rem. 124; 1 Prest. Est. 143–9; Burton Real Prop. 34–9, 21 Law Lib.; 1 Hilliard R. P. 289, 290; 4 Kent, 327, 329, 332; 2 Washb. R. P., 3d ed., 365 *et seq.*) Trusts are substantially what uses were before the statute of uses. The only rule which it is positively forbidden to violate in creating them is the one against perpetuities. (Burgess v. Wheate, 1 Blackst. 176–86; 1 Spence Eq. 500; Hayes' El. Com. Law, etc., 71; 4 Kent, 303–5; Walk. Am. Law, 332–3, §§ 8, 9.)

*A. H. Bereman*, for respondent.

The estate created in Nancy A. Green by the deed was a fee simple.

1. If Mrs. Green had conveyed in her lifetime, or bequeathed the real estate, she would have disposed of the fee. (Pendleton v. Bell, 32 Mo. 100; Jecko *et al.* v. Taussig, 45 Mo. 167.).

2. A life estate will not be inferred; to create it the deed should have expressly declared it. In this deed no life estate is mentioned. (Rubey v. Barnett, 12 Mo. 7.)

3. The *jus disponendi*, or right of alienation, conferred upon Mrs. Green, implies an absolute property in fee simple in her estate. (Ruby v. Barnett, *supra*; Hazell v. Hagan, 47 Mo. 277; Jackson v. Robbins, 16 Johns. 587; Timewell v. Perkins, 2 Atk. 103; Moore v. Webb, 2 B. Monr. 282; Doughty v. Brown, 4 Yeates, 179; Helmer v. Shoemaker, 22 Wend. 137; Huskisson v. Bridge, 3 Eng. L. & Eq. 180; Pulliam v. Byrd, 2 Strob. Eq. 142.)

4. If the first taker of an estate, not expressly declared to be for life, have the right of disposal he takes a fee, and any limitation over is void. (Attorney-General v. Hall, Fitzg. 314; Jackson v. Brewster, 10 Johns. 19; Ramsdell v. Ramsdell, 21 Me. 288; McLean v. McDonald, 2 Barb. 534; Ide v. Ide, 5 Mass. 500; Ross v. Ross, 1 Jac. & Walk. Eng. Ch. 154.)

5. Mrs. Green having the right of disposal at her pleasure, was not restricted or restrained to any particular modes or uses; and therefore had a fee. (Pendleton v. Bell, *supra;* Co. Litt. 223 *a*; Kimm v. Weippert, 46 Mo. 532.)

6. If the intent of the parties is to be considered, then the controlling, leading intent was to create a separate estate for the married woman; and the subsequent intent to dispose of it for her, in case she failed, shall be rejected, as contravening the well-known rules of law. (2 Hill. Real Prop. 336.)

7. If Mrs. Green took only a life estate, with a power of disposal, then the deed creates an entail; and then, by the statute in force at that time (R. C. 1855, ch. 32, § 5), the entail estate was broken up, and the estate was cast upon her heirs by the statute, and not upon the heirs of the husband.

8. The limitation over to the heirs of Henry S. Green was void because, at the death of Mrs. Green, there were no persons in being answering to the description. Her husband being alive, he had no heirs — *nemo est haeres viventis* — and the title did not remain in abeyance. (1 Hill. Real Prop. 53; Bucksport v. Spofford, 3 Fairf. 492; 2 Blackst. Com. 168; Davis v. Speed, 2 Salk. 675.)

9. At the death of Mrs. Green there was no right of equity in these plaintiffs, as they were not then heirs of Henry S. Green; and the right of entry being gone, the remainder was gone. (Fearne on Rem. 289, ch. 3.)

10. This trust estate, being a mere creature of the courts, and an evasion of the statute of uses, ceased at the death of Mrs. Green, when the necessity for it ceased, namely, that of creating her separate estate; and it vested, *eo instanti*, in some one, and did not vest in plaintiffs. (1 Cruise, 375; 2 Leon, 18; 2 Sharsw. Blackst. 334; 5 East, 162; Player v. Nicholls, 1 Barn. & Cress. 336; 1 Barn. & Ald. 530; 1 Hill. Real Est. 538, ch. 46; Gilb. Uses, 76.)

BLISS, Judge, delivered the opinion of the court.

This is an action of ejectment for possession of land situated in the city of St. Louis. The case was submitted on the pleadings and an agreed statement of facts, which are briefly as follows: On the 10th day of June, 1856, Wm. A. Pendleton and Mary A., his wife, bargained and sold the property in question to George Harrington in fee, "upon trust, nevertheless, to the uses and subject to the powers, provisions, declarations and agreements hereinafter

expressed and declared; that is to say, to the sole and separate use, benefit and disposal of the said Nancy A. Green, party of the third part, free from the control of liability for or on account of her husband, Henry S. Green, and to such uses as the party of the third part may at any time or times hereafter, by any writing signed by her hand, in the presence of two or more credible witnesses, direct and appoint, and on her death to such uses as she may by her last will and testament, duly made and executed, direct and appoint; and in the event of her dying intestate, to the use of the issue then living of said Henry S. and Nancy A. Green, and in default of such issue, to the right heirs of Henry S. Green. And this indenture and the estate created by the same is hereby made subject to this other and further condition and trust, namely, that the property hereby conveyed shall and may be from time to time and successively charged, invested and reinvested indefinitely by said trustee, on the sole and separate request made in writing of the said Nancy A. Green, and attested by two or more credible witnesses, and that each and every thus newly acquired accession of the aforesaid trust estate shall be subject to the uses hereinbefore limited and declared." Nancy A. Green had no issue, made no disposition of the property during her life, and died intestate in January, 1868. Henry S. Green died in October, 1870. The plaintiffs are his heirs. The plain intent of this deed is to create an estate for the sole and separate use of Mrs. Green, and the trustee is a married woman's trustee, who holds the property subject to the uncontrolled disposition of the wife. That this is not the purport of the deed is contended, first, because the mode of directing the disposition is specific, to-wit: by writing, signed and witnessed by two witnesses, or by devise; second, because of the remainder.

First, nothing is more common than for a conveyance creating a sole and separate estate in a married woman to specify in detail the mode of disposition, and it was never supposed that she was restricted to that mode. But the doctrine now is that she may adopt any other known to the law, unless affirmatively confined to the one named. (Kimm v. Weippert, 46 Mo. 522.)

Second, the remainder is impossible. No life estate is given,

and the provision for the disposition of the property is inoperative. It cannot create a remainder ; for when the fee—the whole estate — is disposed of, nothing remains. To avoid this difficulty it is contended that only a life estate was created in Mrs. Green, and that this remainder itself shows such to be the intent of the instrument. A life estate is usually created by words of express limitation, and will not be assumed unless there are such words or their equivalent. If the deed shows by other provisions that the grantor intended his grantee to hold an estate for life only, such would be its effect. But if there be inconsistent provisions, some indicating a power of absolute disposal, which can only be had by the holder of the fee, and others creating a remainder which supposes a life estate, then the words of the *habendum* should have a controlling significance.

Counsel claim that the right to control the conveyance, to devise, etc., is simply a power of disposition attached to the life estate. Such a power might be given, but will not be inferred from the words importing a complete estate. The chancellor, in Jackson v. Robbins, 16 Johns. 288, distinguishes between the two as follows: "We may lay it down as an incontrovertible rule that when an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee, and the only exception to the rule is that when the testator gives to the first taker an estate for life *only*, by certain and express words, and annexes to it a power of disposal, in that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the cases." The same distinction is substantially made in Pulliam v. Byrd, 2 Strob. Eq. 142, and there can be no doubt of its correctness. The question has generally arisen, as in Jackson v. Robbins, in construing devises ; for before our statute it was necessary, in order to pass the fee, that the conveyance should contain words of inheritance, while the same formality was not required in a will. In this respect they now stand in this State upon the same footing, and a grant or devise to a person by name carries the fee, without the term "heirs," or other words of inheritance. (Gen. Stat. 1865, ch.

108, § 2; Wagn. Stat. 135.) But for the statute, the present grant might be for the life of Mrs. Green only, and in that case the right to dispose could be treated as a power merely. The general doctrine has been uniformly recognized by this court. In Ruby v. Barnett, 12 Mo. 1, the devise was to the widow for life, and the court says that "an express estate for life negatives the intention to give the absolute property, and converts the words giving a right of disposition into words of mere power, which, standing alone, would have been construed to convey an interest." (See also Hazel v. Hagan, 47 Mo. 277.)

That this was not intended to be a limitation over, I the more readily infer from the fact that it was made to the heirs of a living person, of one who might be and actually was alive at the death of Mrs. Green.

At the determination of what is called the particular estate there was no one who could take. The title must vest somewhere, and if the plaintiff's claim be correct, it vested nowhere — was in abeyance until Mr. Green's death. This could not be. Did it then revert? If so, the plaintiffs are out of court, and the remainder would be gone even if it had been created. I prefer rather to treat it as a nullity from the beginning — a mere attempt to follow the property after all control over it was surrendered. I have spoken of the instrument as though it conveyed a legal estate to the beneficiary, and counsel insist that a different rule prevails in trust deeds. So far as words are merely technical, a more liberal construction may be given them in order to carry out the intention of the parties. But the question pertains to that intention. Did the grantor design to give the beneficiary complete power over the premises? Was the use unlimited? If so, the attempted limitation is void, and the rule is not a technical one. It cannot matter whether the wife held the legal estate, or whether or when the use was executed in her. It is just as impossible to limit an unlimited use as to have a remainder when the whole is given.

The judgment of the Circuit Court will be affirmed. Judge Wagner concurs.

13—VOL. L.

## Per ADAMS, Judge.

I concur in the result, but I am not satisfied with regard to some of the propositions maintained by Judge Bliss. In any view of the case, the plaintiffs cannot recover, as they have shown no title to the premises. Conceding that the limitation over could have been made, they cannot take, because the limitation was to the right heirs of their ancestor, who was alive at the time of the death of the grantor holding the particular estate. He could have no heirs until his death. "*Nemo est haeres viventis.*" It is unnecessary to decide whether the grantee took an absolute fee discharged of the limitation or not; or whether, this being a trust estate, a fee could be limited on a fee to take effect on the contingency referred to in the deed. And I therefore express no opinion on these questions.