[No. 3,348.]

## THE CENTRAL PACIFIC RAILROAD COMPANY OF CALIFORNIA v. JOHNSON BEAL.

USE-OF TECHNICAL WORD IN A DEED.—Whenever it is apparent that a grantor in a deed has used a technical word to express an idea different from its technical signification, a Court will give it the construction intended by the grantor.

CONSTRUCTION OF WORDS USED IN A DEED.—M. deeded to F. certain lots, and described them as the lots " described in and conveyed by " a former deed from S. to M. The former deed described the lot, but did not convey it, as S. had then no title, but M. had after the former deed was given, acquired title from B.; *Held*, that by the words " described in and conveyed by " the grantor, meant to convey to F. the lands which he then owned, and which the former deed described and purported to convey.

DEED OF LOTS WHICH REMAIN UNSOLD.—A deed which conveys the lots of the grantor which remain unsold, cannot be construed to include in the number sold a lot which the grantor had quitclaimed to a third party before he had acquired the title to it.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover the south half of the north half of lot No. 4, in the block between H and I, and Fifth and Sixth streets, Sacramento. The plaintiff derived title to the lot from L. H. Foote. September 11th, 1863, Mesick sold to Foote by a deed containing the following description: " All the right, title and interest, estate, claim and demand, legal and equitable of him, said party of the first part, of, in, and to all of the town lots situated in the city of Sacramento remaining unsold, which are described in and conveyed by a certain deed of conveyance bearing date the ninth day of July, 1855, made and executed by John A. Sutter, Jr., to the party of the first part."

The deed from Sutter to Mesick of the ninth of July, 1855, above referred to, contained a particular description of two thousand lots in the city of Sacramento, and concluded as follows:

"And also all the right, title, interest or estate of the said party of the first part of, in, and to any and all lots, pieces or parcels of land within the corporate limits of the said city of Sacramento."

The lot in suit was not among the two thousand particularly described in this deed, nor had Sutter, Jr., any interest in it at the time this deed was made.

Mesick acquired a title to the lot by a deed from Brannan, dated May 20, 1859. Mesick quitclaimed to McKee February 23, 1857, and McKee sold to the defendant.

The plaintiff had judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion.

*J. K. Alexander* and *Armstrong & Hinkson,* for the Appellant.

The rule of law is, that when one deed refers to another for a description of the property intended to be conveyed, that no other property than such as is described in the deed referred to will pass. (*Barnard* v. *Martin,* 5 N. H. 536; *Ammidown* v. *Granite Bank,* 8 Allen, 289; *Vance* v. *Fore,* 24 Cal. 444.

The intention must control the construction of the deed, and there is nothing in the deed from Mesick to Foote which would indicate that he intended to convey any other lots than such only as those to which he had acquired the title through the deed from Sutter, Jr., and which he had not previously sold or conveyed.

*S. W. Sanderson,* for the Respondent.

I agree with counsel for appellant, that to ascertain what lots are described in the deed from Foote to the plaintiff, we must refer to the deed from Sutter, Jr., to Foote. Counsel upon the other side, as I understand them, admit, in effect, that if this lot is described in that deed, and was unsold by Mesick at the date of his deed to Foote, the lot now belongs to the plaintiff.

That the lot is described in the deed from Sutter, Jr., to Mesick, cannot be disputed, for that deed describes "all the lots, pieces, and parcels of land within the corporate limits of the city of Sacramento." The lot in suit is and was within the corporate limits of the city of Sacramento, and is, therefore, included in that description.

But it is said, on the other side, that this lot was not "remaining unsold," within the terms of the deed from Mesick to Foote, because Mesick had sold it to McKee.

The words "remaining unsold" cannot be applied to lots the title to which was then in Mesick, but can only be applied to lots to which he then had no title.

By the Court, NILES, J.:

The plaintiff has the title to the demanded premises if it passed to Foote by Mesick's deed of September 11th, 1863. There is no question that the title was in Mesick at that date, but it is a question whether the land was included in the description of the deed. The descriptive words are: "All of the town lots situate in the city of Sacramento remaining unsold, which are described in and conveyed by a certain deed of conveyance bearing date the 9th day of July, 1855, made and executed by John A. Sutter, Jr., to the party of the first part"—The deed referred to describes about two thousand lots, but the lot in controversy was not among them. It contained, however, a further call for "any and all lots, pieces or parcels of land within the corporate limits of the said city of Sacramento."

The lot in controversy is within the corporate limits of the city, and is, therefore, within the area mentioned in the deed. It was not conveyed by that deed in the strict technical sense of that word, because Sutter, Jr., had no title to the premises at the time. But wherever it is apparent that a grantor has used a technical word to express an idea different from its technical signification, a court will construe it accordingly; and it seems to us clear that by the use of the words "described in and conveyed by" Mesick intended to convey to Foote the lands which he then owned, and which the former deed described and purported to convey.

The appellant claims that the demanded premises were excluded from the operation of the deed to Foote by force of the words "remaining unsold." The argument is based upon the finding that in February, 1857, Mesick made a deed by which, after disclaiming any title or interest to the

lot in controversy, he quitclaimed to McKee, the grantor of defendant. Mesick had then, in fact, no title, but acquired it in May, 1859, by purchase from the true owner. It would be a strained construction to hold that the conveyance to McKee, made at a time when Mesick had no title and claimed none, and which of course could have no possible effect upon his own after acquired title, was the sale which he had in view as the basis of his reservation in the conveyance to Foote.

As we construe the deed, the intention was to convey to Foote all lots included in the general description, to which Mesick then held the legal title, and that the title to the lot in controversy passed accordingly.

Judgment affirmed.