IDA M. POLLARD, BY GUARDIAN, Appellant, *v.* UNION NATIONAL BANK OF ST. LOUIS, Respondent.

### October 30, 1877.

1. Under the doctrine of uses, a power of revocation may be reserved though the first use declared be in fee, and upon the happening, within a reasonable time, of a contingency on which there was to be a reverter, the former use may be made to give way.

2. Certain real estate was conveyed in fee to a trustee, in trust for the sole and separate use of the grantor's wife, and the deed invested her with absolute power to control and dispose of the property ; gave her authority, with the written consent of the trustee, to sell said real estate and invest the proceeds in other property or securities, as occasion might require, such new property or securities to be held upon the terms and be subject to the conditions and stipulations expressed in the deed ; and provided that if the wife died before the husband, the property conveyed should revert to him. The wife died before the husband, without having conveyed the property. *Held*, that the property reverted to the husband upon the wife's death.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

T. K. SKINKER, for appellant: The devise of an estate with power of disposal will pass the fee. — *Hazel* v. *Hogan*, 47 Mo. 277 ; *Pendleton* v. *Bell*, 32 Mo. 100 ; *Wommack* v. *Whitmore*, 58 Mo. 456 ; *Bryan* v. *Christian*, 58 Mo. 102 ; *Rubey* v. *Barnett*, 12 Mo. 7 ; *Turner* v. *Timberlake*, 53 Mo. 378. Upon the death of the wife the title passed to her heir at law. — *Roberts* v. *Moseley*, 51 Mo. 286 ; 2 Washb. on Real Prop., 3d ed., 461, sec. 45. And the fact that she did not exercise the power of alienation did not affect the

question. — *Jackson* v. *Bull*, 10 Johns. 21 ; 16 Johns.   A fee cannot be limited upon a fee. — 2 Washb. on Real Prop. 539, and cases cited ; *Green* v. *Sutton*, 50 Mo. 186.   Shifting uses. — 2 Washb. on Real Prop. 627, side-p. 292 ; Wilson on Uses, 48.   The intent of a grantor cannot prevail when in conflict with a rule of law. — *Hogan* v. *Welcher*, 14 Mo. 177.

NAT. MYERS, for respondent:   Shifting or secondary uses. — 4 Kent, 224, 226, 227, 323–328 ; 2 Washb. 23, 24, 367, 385, 388, 574.   Conditional limitation. — 4 Kent, 4, 139, 142 ; 2 Washb. 420, 421, 423–504.

HAYDEN, J., delivered the opinion of the court.

This is an action of ejectment brought to recover a lot of land on Gratiot Street, in the city of St. Louis.   Judgment in the court below was for the defendant, and the plaintiff appealed.   The case was tried upon an agreed statement of facts, which is as follows :

" The parties to the above entitled cause come, and, for the purposes of this cause only, agree that the facts in the case are as hereinafter set forth, and agree to submit the case to the decision of the court upon the following statement :

" 1.   On August 10, 1856, Isaac J. Pollard was the owner in fee-simple of all the real estate mentioned and described in the petition.

" 2.   On that day said Isaac J. Pollard, for a valuable consideration, conveyed the said real estate to Thomas Skinker, trustee of Susan M. Pollard, his wife, by a deed, the *habendum* clause in which was in the following words, to wit : ' To have and to hold the said parcel of ground unto the said Skinker and his heirs forever, upon trust, nevertheless, for the sole and separate use of the said Susan M. Pollard, and subject to the following conditions and stipulations, to wit : If the said Susan M. shall die before the said Isaac J. Pollard, then the property hereby conveyed shall revert

to him, the said Isaac J. Pollard; but if he shall die first, then the said property shall remain in the said Susan M., her heirs and assigns forever, subject to her absolute control and disposition; and the said Susan M. Pollard is, with the written consent of her trustee, hereby authorized and empowered to lease the property aforesaid, receive the rents therefor, and apply them in such manner as she may think proper; and she is also, with the written consent of her trustee, authorized and empowered to sell, or otherwise dispose of, the said property, or any part thereof, and invest the proceeds of sale in other property or securities, when and as often as occasion may require. The said *new* property or securities to be held upon the terms, and subject to the conditions and stipulations, herein designated; and if the said Skinker shall relinquish the trust aforesaid, or die, then the said Susan M. Pollard may, by writing, appoint some other person as trustee, in the place of him so relinquishing or dying, and the person so appointed shall have all the powers of the trustee herein named; and such appointment may from time to time be made by the said Susan M. Pollard, as often as it may become necessary by the relinquishment or death of any trustee.'

" 3. That no other portion of said deed has any bearing upon this case.

" 4. That Susan M. Pollard died April 26, 1861, leaving her said husband surviving her; and that during her lifetime she did not lease, sell, or otherwise dispose of said real estate, or any part thereof.

" 5. That on the first day of October, 1873, said Isaac J. Pollard, in order to secure a past indebtedness due from him to the defendant herein, and being then unmarried, conveyed said real estate, by deed of trust, to John Wickham, as trustee of said defendant, said deed containing the usual covenants and power of sale; and that under said last-mentioned deed, and pursuant to its terms and provisions, a public sale of said real estate was made by said

Wickham, at which sale the defendant became the purchaser of said real estate, and received a proper deed therefor from said Wickham, and has ever since been in possession of said property.

" 6. That said Isaac J. Pollard died October 16, 1873.

" 7. That plaintiff is the only child of the marriage of said Susan M. and Isaac J. Pollard, and was born August 4, 1860, and is the sole heir of said Susan M. Pollard.

" 8. That. all the above-mentioned deeds describe the same property, and that it is the property here in controversy.

" 9. That if, upon the foregoing facts, the court finds that the fee-simple title to said property was in said Isaac J. Pollard at the time of the execution by him of the said deed of trust to said Wickham, mentioned in the fifth article hereof, then judgment should be rendered for the defendant.

" 10. That if judgment should be rendered in favor of the plaintiff, her damages shall be assessed at one cent."

In this case there can be no doubt as to the intent of the grantor. The estate is conveyed to the trustee, " upon trust, nevertheless, for the sole and separate use of said Susan M. Pollard, and subject to the following conditions and stipulations, to wit : If the said Susan M. shall die before the said Isaac J. Pollard, then the property shall revert to him," etc. These words, and the corresponding words elsewhere in the deed, show the intent of the grantor to determine the estate on a certain contingency, and preserve the right of reverter, and the words precisely describe the event by which the continuance of the estate is to be determined. They are controlling words, and are inconsistent with the idea of conveying an absolute and unqualified fee. This intention must be carried out, unless there is some rule of law which forbids such a disposition of the property as that here made. It is contended by the appellant, who claims the property as the heir of Susan M. Pollard, that the limitation by which, in the event of her death taking place

before that of Isaac J. Pollard, the estate is to revert to him, is void because it is not good, at common law, as a contingent remainder; that a fee is limited upon a fee; that the conveyance is of the entire estate; that consequently there can be no remnant or remainder, and the subsequent limitation is void. But the arguments addressed to this point, so far as they tend to show that the limitation is not in accordance with the common-law rules relating to contingent remainders, are irrelevant, as it is not contended that the limitation would have been good independently of the doctrine of uses. Before the statute of uses, equity allowed a grantor to create a use in fee, and at the same time to reserve the power of divesting the first grantee of the use, and of passing it over to another in fee. At common law, after a man had parted with the fee he had no further power over the estate; but under the doctrine of uses a grantor was allowed to reserve a power of revoking, even though the first use declared was in fee, since before the statute the feoffee had no interest except to execute the will of the feoffor. In *Cawardine* v. *Cawardine*, 1 Eden, 34, Lord Northington, speaking of future uses, said that they were introduced to answer the exigencies of men, and to give them a power pretty much of the same nature as that which the law disallowed, in order that, after a departure with the whole fee, a new limitation with the fee might take place upon a contingency to arise within a reasonable compass of time; not that a fee could be limited upon a fee, but, upon a contingency happening, the former uses were to give way. It is almost a part of the definition of shifting and springing uses that they are contrary to the rules of the common law.

In the present case the use does not differ in principle from that arising under an ordinary marriage settlement, where the first use is to the intended husband and his heirs, and where the use shifts, upon the marriage, to other persons. There may be several defeasible fees, and, upon these

being defeated, the use may revert to the settler. It is, indeed, in the case at bar, objected that a power of selling the property is given, and it is claimed that, by selling, Susan M. Pollard could have prevented any reverter. But upon the terms of the present deed the case put by the appellant does not arise. The argument assumes, what is not the fact, that the power of absolute disposition is given to Susan M. Pollard. The power given relates merely to the form or shape of the property, not to its disposition. Under the law of uses, drawn as it was from the civil law, the change from real to personal property is not material. It is the nature of the power which is to be considered. The direction is "to invest the proceeds in other property or securities when and as often as occasion may require;" and the property, as changed, is "to be held upon the terms and subject to the conditions and stipulations" expressed in the *habendum* clause of the deed. Here, accordingly, is no power of disposition such as that spoken of in the cases cited by the appellant. And in this respect there is no parallelism between the present case and that of *Green v. Sutton*, 50 Mo. 186, which is relied upon by the appellant. There, it is true, the property was to be invested and reinvested indefinitely, subject to the uses limited; but the power of disposition in the grantee of the first estate was unlimited, and she was to direct the disposition to be made of it upon her death. The decision was that, upon such a previous estate, with such powers in the grantee, a contingent remainder could not be limited. There were no express words there which negatived the power of absolute disposition, and directed the property to be held subject to the express condition that, upon a contingency named, the use should revert to the grantor. Marked features of the present case are the prominence and plainness given to the terms making the grant to Susan M. Pollard conditional and determinable, and the apt words used to preserve the property, though perhaps in another and more advantageous

form, in case of the happening of the contingency on which there was to be a reverter.

The judgment of the court below is affirmed. All the judges concur.