BEAN v. KENMUIR, *Appellant.*

Deed, Construction of: HABENDUM: LIFE ESTATE: REMAINDER. A deed, after reciting that the party of the first part, in consideration of one dollar, to her in hand paid, and in further consideration of natural affection for the party of the second part, does grant, bar gain and sell, unto Neamie J. Talley, the party of the second part for her sole use and benefit, certain real estate described in the con veyance, contained the following *habendum:* "To have and to hold the said tract, pieces, or parcels of land, together with all the rights, privileges and appurtenances thereto belonging, or in any wise appertaining to the said party of the second part, her heirs and assigns forever; and in case of the death of said party of the second part, then said property, with all the rights and privileges therein, shall pass to the husband of said Neamie, William W. Talley; said property in the meantime not to be subject to the debts of said W. W. Talley." *Held,* that under the deed a life estate vested in Neamie J. Talley, with the remainder over in fee in her husband.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Lathrop & Smith* and *L. C. Slavens* for appellant.

(1) The deed from Elizabeth S. Mettie to Neamie J. Talley conveyed a separate estate in fee to her, and that part of the *habendum* which attempted to limit a remainder to her husband, William W. Talley, on her death is void. 2 Greenleaf's Cruise, p. 651, secs. 75, 76; 2 Blackstone's Com. 298; *Goodlittle v. Gibbs,* 2 B. & C. 707; *German v. Orchard,* 1 Salk. 346; *Boddington v. Robinson,* L. R. 10 Excheq. 270; 4 Kent's Com. (7 Ed.) 519; 2 Hilliard on Real Prop. (2 Ed.) p. 355, sec. 155; Coke on Littleton, 299 *a;* Shepherd's Touchstone, chap. 5, p. 102; 4 Comyn's Digest (4 Ed.) 168; 1 Stephen's Com. 450; *Baldwin's case,* 2 Rep. 23; *Earl of Rut-*

*land's case*, 8 Rep. 56; 3 Washburn on Real Prop. (4. Ed.) p. 436, sec. 60, *642. Where the words of an *habendum* in a deed are manifestly contradictory and repugnant to the words in the premises, the former are to be disregarded; but where part of the words in the *habendum* is contradictory to those in the premises, and part explanatory, the contradictory part only need be rejected. *Doe d. Timmis v. Steele*, 4 Ad. & Ell. 663; *Deaver v. Rice*, 3 Battle's Rep. (N. C.) 433; *Hafner v. Irwin*, 4 Dev. & B. 433; *Porter v. Ingram*, Harper (S. C.) 492; *Bend v. Susquehanna, etc., Co.*, 6 Har. & J. 132; *Ide v. Ide*, 5 Mass. 500; *Pynchon v. Stearns*, 11 Met. 312, 316; *Cong. Soc. of Halifax v. Stark*, 34 Vt. 243; *Ramsdell v. Ramsdell*, 21 Me. 288; *McLean v. Macdonald*, 2 Barb. 534; *Jackson v. Bull*, 10 John. 19.

*Scarritt & Scarritt* for respondent.

RAY, J.—This is an action of ejectment for a lot in Ranson and Salley's addition to the City of Kansas. Emily J. Talley, W. W. Talley, and George W. Talley, were the owners of the west one-half of the northwest quarter of section four, township forty-nine, range thirty-three, of which the lot in question is part, on and prior to April 5, 1862. On this last mentioned date, W. W. Talley and wife, and George W. Talley, made a deed of quit-claim of all their interest in this property to Elizabeth S. Mettie, who was the mother of the wife of W. W. Talley. On July 20, of the same year, Elizabeth S. Mettie made a deed of her interest in the property to Neamie J. Talley, the wife of W. W. Talley, Neamie J. Talley, died—the exact date is not given. Her husband died some time after she died.

Plaintiff and defendant both claim title to two-thirds of the lot under the deed from Elizabeth S. Mettie to Neamie J. Talley, the plaintiff, by sundry mesne conveyances from the administrator and heir of William

Wallace Talley. Neamie had no children, and the defendant claims title through her brothers and sisters. It is conceded, here, that plaintiff is entitled to recover as to one-third of the lot. The controversy, therefore, is as to the title to the remaining two-thirds of the lot, and depends wholly upon the proper construction of said deed from Elizabeth S. Mettie to Neamie J. Talley, which is as follows:

"This deed, made and entered into, this twentieth day of July, 1862, by and between Elizabeth S. Mettie, of the first part, and Neamie J. Talley, of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of one dollar, to her in hand paid by said party of the second part, receipt of which is hereby acknowledged, and in further consideration of natural affection for said party of the second part, has granted, bargained, and sold, and by these presents do grant, bargain, and sell unto the said party of the second part, for her sole use and benefit, the following described real estate, situated in the county of Jackson, in the state of Missouri, to-wit: 'All my interest in the west half of the northwest quarter of section number four, of township number forty-nine, in range number thirty-three, and all the town lots there as laid out as an addition to the City of Kansas, and described in the recorded plat, said interest being an undivided two-thirds of the same, to have and to hold the said tract, pieces, or parcels of land, together with all the rights, privileges and appurtenences thereto belonging, or in anywise appertaining to the said party of the second part, her heirs and assigns forever; and in case of the death of the said party of the second part, then said property, with all the rights and privileges therein, shall pass to the husband of Neamie, William W. Talley, said property in the meantime not to be subject to the debts of said W. W. Talley.

"In witness whereof, the said party of the first part

has hereunto set her hand and seal, the day and year above written.

"ELIZABETH S. METTIE.    (SEAL)."

On the part of the plaintiff it is contended that Neamie J. Talley, by the deed, took a life estate only, with the remainder to W. W. Talley, her husband, and hence at her death the property went to him.    On the other hand, the defendant insists that Neamie J. Talley took the fee-simple, by the deed in question, and at her death the title thereto descended to her brothers and sisters. The deed in question contains apt and sufficient words to convey a fee to the daughter, Neamie, and contains, also, words plainly expressing a limitation over to the husband, W. W. Talley, and the question is, how shall the instrument be construed so as to arrive at and render effective the intention of the party making the same.    It is apparent that the actual consideration of the deed is one of love and affection, and we must find, if we can, the course the grantor designed and intended the title to take.    It is familiar doctrine that the construction of deeds must be upon the entire instrument, with the view to give, if possible, meaning and effect to each and every part of it.    The clause in the deed in question, in which, upon the death of the daughter, Neamie, the property is to pass to her husband, and declaring that, in the meantime, it shall not be subject to the husband's debts, is manifestly a prominent feature in the instrument.    So far as it alone is expressive of the grantor's intention, its fair and unstrained import is to convey the property to Neamie J. Talley, for her sole use and benefit during her life, with remainder to her said husband, W. W. Talley. It indicates clearly that, during her life, the daughter is to have the control and use of the property, without interference by the husband, or husband's creditors, and it further indicates with equal clearness, the grant of a remainder to the husband.

Now, if the intention of the grantor was to convey an estate in fee to the daughter, why was such a clause, with such a provision, inserted in the instrument? It was unnecessary, and worse than idle, for any such purpose. The significance and import of these words in the grant cannot, we think, be overlooked. Nor can they be disregarded unless they plainly contravene some settled rule of law, which requires us to reject them. But it is claimed that there is such a rule of law and it is invoked to defeat the intention of the grantor in the deed, and this rule is said to be, that where a deed contains apt and sufficient words for a conveyance of the fee, and fails to *expressly* convey an estate for life to the first taker, then the remainder over is void. As applied to this case, the proposition is that the deed from Elizabeth Mettie to Neamie J. Talley conveyed a a separate estate in fee to her, and that, as it fails to expressly convey a life estate to her, that part of the *habendum* which attempted to limit a remainder to her husband, W. W. Talley, upon her death, is void. It is said that a life estate is usually created by words of express limitation, and in the absence of such words, will not be assumed. And there are cases in which the limitation over has been defeated for want of such express life estate. 50 Mo. 192. And there are, also, numerous adjudications in which the limitation over has been held imperative, upon the ground that the conveyance or devise was coupled with a distinct power of disposition. 50 Mo. 186 ; 47 Mo. 277. There is, also, a line of decisions where the deeds or wills under consideration, in one or more clauses, have imported to convey or devise an absolute estate and remainder given to another, by subsequent clauses in the instrument, and in which it has been held that the first grant or devise took a life estate, and the remainder over upheld.

The deed, in question does not, by express words,

vest a life estate only in Neamie J. Talley, nor does it give a distinct or express power of disposition. The words, heirs or assigns are not entitled to the weight counsel give them. They were not then, and are not now, necessary to create a fee, and their presence in the deed is without legal meaning or significance. They could detract nothing from being absent, and they could add nothing by being present. They mean, when thus superfluously used, what the law would imply without them, and nothing more. The word assigns, as here used, would be given a strained meaning, if it was allowed to import a power of disposition. A power of disposition, such as is needful to defeat the limitation over to the husband, should appear, we think, in more express terms. But rules of interpretation, formerly adhered to with much strictness, have been changed, or modified, or abandoned, when, in their modern applications, they have been found hostile to the end the courts struggle to attain, which is to give effect to the grantor's intention, and to effect which they make it the paramount rule to read the who'e instrument, and, if possible, give effect and meaning to all its language. The granting clause of the deed in question contains the words "grant, bargain and sell," which, in the absence of other clauses restricting, limiting, or modifying the same, would, under our statute, constitute a deed of warranty with full express covenants, and, as said by counsel, if the deed in question stopped here, it would, when duly signed and sealed, have conveyed the fee. But the deed does not stop here. The clause above quoted is added and we are asked to adjudge the limitation over void, and to hold that, by the deed, it was the intention of the grantor to vest the fee in her daughter, free from the control of her husband, and the claims of creditors, and at the same time, and by the same instrument to provide that, upon the death of the

daughter, the entire estate, or fee, thus already vested, should then pass to and become vested in her husband. While it is conceded that this could not be legally done, we are nevertheless asked to say that it was the manifest intention of the grantor to make or create both these estates. The manifest intention, as gathered from the face of the entire deed in question, is, we think, to convey the property to Neamie J. Talley, for her sole use and benefit, during her natural life, and to give a remainder over to the husband, and there is, we think, no imperative rule of construction, which forbids us to make the intention of the parties effectual. 60 Ind. 334; 29 Ind. 475; 40 Ga. 342: 19 Ohio St. 490; 44 Vt. 233; 51 Md. 180; 10 Cal. 105; 30 Cal. 346; 47 Cal. 151; 22 Vt. 104; *Russell v. Eubanks*, 84 Mo. 82; 67 Mo. 596.

In these views, the majority of the court, Judges Norton, Sherwood and Black, concur and so hold. Henry, C. J., and the writer dissent, holding that, under the well settled rules of construction, applicable to deeds like this, the first taker took the fee and that the limitation over is inoperative and void. 51 Mo. 57; 50 Mo. 186, 192; 5 Mass. 500; 2 Barb. 534; 3 Lev. 339; 5 Barn. & Cress. 709; Wash. on Real Prop., p. 436, or 642, side paging, sec. 60; 4 Kent's Com., side paging 468, or top paging (8 Ed.) 523, 524; 55 Wis. 96; 58 Miss. 690; *Russell v. Eubanks*, 84 Mo. 82.

This leads to an affirmance of the judgment of the circuit court, and it is so ordered.