McLEAN and others, ex'rs of H. Walgrove, *vs.* MACDONALD.

Where a testator, by his will, devised to his wife H. W. all his real estate, to be at her entire disposal, but should any part thereof remain unsold at the time of her decease, he gave the same to his children, to be equally divided among them; *Held* that the devise to H. W. gave to her the fee in the testator's real estate, which she could devise, or which would descend to her heirs; and that the limitation over, after her death, was not good as a contingent remainder, or as an executory devise, but was void.

Where lands are devised to trustees, to convert the same into money, and to invest the proceeds on bond and mortgage, and to collect and receive the income and profits thereof, and apply the same, during two specified lives, to the use of certain persons named, the trustees are seised of such an estate in the lands as will entitle them to maintain ejectment.

EJECTMENT, brought by the plaintiffs as the executors of Hester Walgrove deceased. The jury, by a special verdict, found that Samuel Walgrove, by his last will, devised to his wife Hester all his real estate, to be at her entire disposal, but should any part thereof remain unsold at the time of her decease, he gave the same to his children, to be equally divided among them. That Hester died, without having disposed of that real estate ; and that a portion thereof was conveyed, after her death, to the defendant by the children of Samuel Walgrove, who claimed to take under the devise over. That Hester Walgrove made a will devising her estate to the plaintiffs as trustees, to convert the same into money, and to invest the proceeds on bond and mortgage, and to collect and receive the income and profits thereof and apply the same, during two lives named, to the use of certain of her children.

*B. W. Bonney,* for the plaintiffs. I. Samuel Walgrove, by his will, devised to his wife Esther (or Hester) Walgrove all his real estate, including the premises in question ; the same to be at her entire disposal. Under this devise Mrs. Walgrove took, and was vested with, an estate in fee simple absolute in all the real estate. (1.) This is *res judicata ;* it having been expressly

McLean v. Macdonald.

so decided by the court of chancery before the assistant vice chancellor of the first circuit, in a suit between the same parties and relating to the same property ; and it cannot now be drawn in question. (*McDonald and wife* v. *Walgrove et al.* 1 *Sandf. Ch. Rep.* 274. *Burt* v. *Sternburgh*, 4 *Cowen*, 559.) (2.) If an open question, it will now be decided in the same way by this court. (*Jackson* v. *Coleman*, 2 *John. Rep.* 391. *Jackson* v. *Babcock*, 12 *Id.* 389. *Jackson* v. *De Lancy*, 11 *Id.* 365. *Same case in error*, 13 *Id.* 537. *Jackson* v. *Robins*, 15 *Id.* 169. *S. C. in error*, 16 *Id.* 537.) II. The devise to Hester Walgrove having vested in her the whole real estate of the testator, in fee, the subsequent devise over, attempted to be made, of any part thereof which should remain unsold at the time of her death, is absolutely void. (1.) This is also *res judicata*, and cannot now be drawn in question. (*See the two cases first above cited.*) (2.) But if not conclusively adjudged, as between these parties, the law is well settled as above stated. The attempted devise over cannot be sustained as a contingent remainder; because such remainder cannot be limited upon an absolute estate in fee. (*Pells* v. *Brown*, *Croke Jac.* 590. *Preston* v. *Fennell*, *Willes' Rep.* 164.) Neither can it be supported as an executory devise ; because such a devise, to be valid, must be so made that it cannot be prevented or destroyed by any subsequent alteration in, or disposition of, the estate out of which, or after which, it is limited. (*Fearne on Ex. Dev. by Powell*, 50. 6 *Cruise's Dig.* 369, *tit. Devise*, ch. 17, § 14.) These principles have been steadily recognized and acted upon by the courts of this state. (*Jackson* v. *Coleman*, 2 *John. Rep.* 391. *Jackson* v. *Bull*, 10 *Id.* 19. *Jackson* v. *Delancy*, 13 *Id.* 337. *Jackson* v. *Robins*, 15 *Id.* 169. *S. C. in error*, 16 *Id.* 537. *Helmer* v. *Shoemaker*, 22 *Wend.* 137.) III. Hester Walgrove, by her will, devised all her residuary estate, including the premises in question, to the plaintiffs in this suit, who were the executors and trustees named in her will. Under this devise the plaintiffs took, became vested with, and now have, an estate in fee in the premises in question ; and are entitled to possession thereof. IV. This devise to the plaintiffs is valid, and the trust

McLean v. Macdonald.

thereby created is such as is allowed by statute. (1 *R. S.* 728, § 55, *sub.* 3. *Id.* 2d ed. *vol.* 1, *p.* 722. *Id.* 3d ed. *vol.* 2, 14. 1 *R. S.* 729, § 60. *Id.* 2d ed. *vol.* 1, 723. 3d ed. *vol.* 2, *p.* 15. *Id.* 723, §§ 14, 15. *Id.* 2d ed. 718. *Id.* 3d ed. *vol.* 2, 10. *Bulkley* v. *Depeyster*, 26 *Wend.* 21.) V. The plaintiffs, as trustees under the will of Hester Walgrove, are vested with the whole estate in, and entitled to possession of, the premises in question; and therefore are entitled to judgment on the special verdict.

*J. N. Platt*, for the defendant. The defendant bought the property of the children of Azarias Walgrove, paid them for it, and received their warranty deeds. I. The plaintiffs cannot maintain their present action. They have no estate in or right to the possession of the land. They have only a power to sell it, and until this power is exercised the land descends to the heirs at law. (1 *R. S.* 729, § 56. *Boynton* v. *Hoyt*, 1 *Denio*, 54. *Hawley* v. *James*, 16 *Wend.* 61.) II. The testator Samuel Walgrove, by his will, gave to his wife a life estate in the lot in question, with power of sale; and the devise over to the defendant's grantors is good. The intent of the testator was not to devise a fee. There is no power to Mrs. Walgrove to *devise by will*. All the cases which can be cited against the defendant go on the principle that the devisee has an absolute power of sale or devise. (*Jackson* v. *Bull*, 10 *John. Rep.* 19, 20. *Jackson* v. *Robins*, 15 *Id.* 169, 171. *Same case in court of errors*, 16 *Id.* 537.) The words "real estate" are mere words of description. (*Countess of Pemberton* v. *Duke of Bolton*, *Salk.* 236; *S. C.* 6 *Mod.* 106. *Doe* v. *Chapman*, 1 *H. Black.* 223. *Turwill* v. *Perkins*, 2 *Atk.* 102. *Willow* v. *Kenworthy*, 3 *East*, 553. *Woodlaw* v. *Penworth*, 9 *Ves.* 137.) A person can have a power of sale without any estate in the land. (*Bloomer* v. *Waldron*, 3 *Hill*, 365.) III. The deeds to the defendant being by the persons entitled to the proceeds of the land after the plaintiffs shall have sold it, they convey to him a sufficient title to protect his possession.

McLean *v.* Macdonald.

*By the Court,* EDMONDS, J/ The devise to Hester Walgrove, giving to her the absolute disposal of the property devised, gave to her the fee. The limitation over after her death was not good as a contingent remainder; because such a remainder cannot be limited on a prior estate in fee simple absolute. (*Pells* v. *Brown, Cro. Jac.* 590. *Preston* v. *Fennell, Willes,* 164. 1 *Sandf. Ch. Rep.* 276.) It was not good as an executory devise, because it could be prevented or destroyed by an alteration of the estate out of, or after which, it would arise. (*Cruise's Dig. tit. Devise, ch.* 17, § 13. *Jackson* v. *Bull,* 10 *John. Rep.* 19. *Jackson* v. *Robins,* 16 *Id.* 537.) The limitation over, therefore, was void, and Mrs. Walgrove took an absolute estate in fee simple which she could devise, or which would descend to her heirs./ This is the well settled law of the land; and we are not at liberty to depart from it, however much we may regret its manifest destruction of the intention of the testator.

The rule that an executory devise cannot be prevented from taking effect by any alteration whatever in the estate after which it is limited is an inflexible one, and was adopted in order to prevent perpetuities by means of such devises. The rule still continues, although the reason for it has ceased with us; because our statutes have sufficiently guarded against perpetuities. And inasmuch as the rule can hardly ever be applied without defeating the intention of the testator, it is to be regretted that the rule has not passed away with the occasion for it. That, however, is solely within the province of the legislature. It is the business of courts to administer the law as they find it. In this case we find it very well settled that this limitation over is void.

The next point to consider is the objection that, under our statute, the plaintiffs are not seised of such an estate as to authorize them to bring the action of ejectment. No person can recover in ejectment, unless he has, at the time of commencing the action, a valid subsisting interest in the premises claimed, and a right to recover the same, or the possession thereof. (2 *R. S.* 303, § 3.)

It is claimed that the devise to the plaintiffs vests no estate

VOL. II.        68

in them, under § 56, 1 *R. S.* 729. But the answer is, that they are empowered to receive the rents and profits, and therefore that section does not apply to them. Their trust is a valid one under § 55 of that statute; for it is one to receive the rents and profits of lands and apply them to the use of "any person during the life of such person." And under § 60 such a trust vests the whole estate in the plaintiffs in law and equity, subject only to the execution of the trust. The plaintiffs therefore are entitled to judgment on this verdict.

