at which time the title to the trust property will vest in the supreme court. under the statute."

It seems to follow necessarily from that decision that the transfer tax should have been imposed only upon the value of the legacy and. devise during the lives of the two persons in being mentioned in the eleventh clause; and as, after that period, the title to the trust property will be in the supreme court, the remainder so passing to the supreme court is exempt from the tax, the court being a mere branch or arm of the state government; and, in the nature of things, untaxable. It is my opinion, therefore, that the assessment of the tax was erroneous in so far as the appraiser did not confine his valuation of the property bequeathed and devised to its value for the period measured by the lives of the two persons in being mentioned in the eleventh clause of the will, but, on the contrary, assumed that the trustees have absolute and unlimited ownership of the residue of the estate. An order should be made, therefore, setting aside the assess-ment of the tax in question, and appointing the county treasurer as the appraiser to fix and determine the fair market value of the legacy and devise of the residue of the estate to the trustees during the lives of the two persons mentioned in the eleventh clause of the will, and adjudging the remainder of the bequest and devise so passing to the supreme court to be exempt from the tax.

It was conceded upon the hearing that the assessment of a tax upon the legacy of Helen A. Graves should be set aside, for the rea-son that her legacy lapsed by reason of her death prior to that of the testator; and also that the legacy to Maurice A. Graves indi-vidually should be reduced in valuation from $1,225 to $225, and a corresponding reduction made of the tax thereon. The appellants should be allowed costs upon this appeal, to be deducted from and retained by them out of any interest accruing or otherwise chargeable upon the tax. An order accordingly may be entered on five days' notice.

Decreed accordingly.

———————

(34 Misc. Rep. 681.)

In re LYNN'S ESTATE.

(Surrogate's Court, Onondaga County. April, 1901.)

TRANSFER TAX—CONSTRUCTION OF WILL.
Where testator devised all his real estate to his wife for life, "to be retained or disposed of as she may think proper," without any remainder, or trust being limited or created, the devisee takes, under Laws 1896, c. 547, § 131, an absolute estate; and it is error to assess a transfer tax on testator's heirs at law on the theory that, merely because the wife died without executing her power of disposition, the real estate descended from him to them.

In the matter of the estate of Reuel Lynn, deceased. From as-sessment of a transfer tax on certain realty of decedent, certain of the heirs appeal. Assessment set aside.

William Kennedy and William G. Cady, for appellant.
John McLennan, for respondent state comptroller.

GLASS, S. The appeal in this proceeding is from the assessment of a transfer tax upon the supposed inheritance by the nephews and nieces of the deceased of certain undivided shares of the real estate of said deceased under the statutes of descent. The real estate consists of a farm of 56 acres in the town of Clay, in this county. The theory of the appraiser upon whose report the assessment was made is that because a power of disposition given by the will of the deceased to the testator's wife, who survived him, was never exercised by her, the premises in question descended to the heirs at law of the testator, some of whom are the nieces and nephews whose shares have been taxed. The testator died on the 30th day of November, 1899. His wife died about a month afterwards. The testator made the following disposition of his real property by the first clause of his will, as follows:

"First. I give and devise all my real estate, of what nature or kind soever, to my wife, Maria Lynn, during her natural life, to be retained or disposed of as she may think proper."

The widow never in any manner disposed of the real property mentioned.

These facts bring the case precisely within the provisions of section 131 of the real property law of this state (Laws 1896, c. 547), which is as follows:

"Sec. 131. When Grantee of Power Has Absolute Fee. Where such [i. e. by reference to preceding sections, absolute and not accompanied by a trust] a power of disposition is given, and no remainder is limited on the estate of the grantee of the power, such grantee is entitled to an absolute fee."

Here the power of disposition given by the will to the widow and life tenant was absolute, and was not accompanied by any trust; neither was any remainder limited on her estate. By reason of this statute, therefore, she acquired an absolute fee in the lands in question, under the devise contained in the will of her husband, and such lands have not descended to the testator's heirs at law. The assessment of a tax against his heirs was plainly erroneous, and should be set aside. An order accordingly may be entered upon five days' notice. No costs are allowed.

Assessment set aside. No costs.

---

(34 Misc. Rep. 670.)

## In re CROUSE'S ESTATE.

(Surrogate's Court, Onondaga County. April, 1901.)

1. TRANSFER TAX—EXEMPTIONS.

    Transfer Tax Law 1896, art. 10, provided for a transfer tax on devises to persons or corporations not exempt by law from taxation on real and personal property. Section 4 of the tax law provided that real property and certain personal property of a corporation organized exclusively for