RYDER v. LOTT et al.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

Real Property Law, Laws 1896, p. 580, c. 547, § 131, provides that where an absolute power of disposition of real property is given, and no remainder is limited on the estate of the grantee of the power, such grantee is entitled to an absolute fee. Section 133 provides that every power of disposition under which the grantee can in his lifetime dispose of the entire fee for his own benefit is deemed absolute. Testatrix gave all the residue of her personal estate and all her real estate to her husband for life, with liberty to use as much of the principal of the residuary personal estate as he might need. She also empowered her executor to at any time sell all or part of her real estate, and authorized her husband to use as much of the proceeds of such sales as he might desire. By a codicil she provided for an additional legacy, and then gave the remainder of her residuary estate to her husband for life, with liberty to use as much of the principal of her residuary personal estate as he desired. *Held* that, no remainder being limited on the estate of the husband, he took an absolute fee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1340–1350.]

Appeal from Trial Term, Kings County.

Action by Joanna Ryder, individually and as sole executrix of the last will and testament of William K. Williamson, deceased, against John Z. Lott and others. Judgment for plaintiff, and defendants Isaac Cortelyou and others appeal. Affirmed.

Argued before WOODWARD, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Claude V. Pallister, for appellants Bunn, Cortelyou, Cook, Herbert, and others.

Henry Egginton (Charles H. Kelby, on the brief), for appellants Bergen.

John M. Bowers, for respondent.

HOOKER, J. The decision of this appeal entirely depends upon the construction of the last part of the third paragraph and the fourth paragraph of the will of Catherine L. Williamson and the codicil thereto. If the testatrix's husband took an absolute fee under the will, the judgment must be affirmed; otherwise, not. Those parts of the will and the codicil in question read as follows:

"Third. * * * All the rest, residue and remainder of my personal estate, and all my real estate, I give, devise and bequeath to my beloved husband, William K. Williamson, for and during his natural life, and it is my will and I do hereby order and direct that he shall be at liberty to use as much of the principal of my said residuary personal estate as he may need for any purpose whatsoever.

"Fourth. I do hereby authorize and empower my said executor at any time in his discretion and whenever he may deem it for the best interest of my estate to sell and dispose of all or any part of my real estate, and in case of such sale I do hereby authorize and empower my said husband to use as much of the proceeds of such sale as he may desire and for any purpose whatsoever, and I do hereby order and direct that my said husband shall not in any way whatever be accountable or responsible to my heirs for any such use of my said estate."

By her codicil she provided for an additional legacy of $1,000, and, referring to the third clause of her will, she added, after providing for the legacy:

"I do hereby give and bequeath the remainder of my said residuary estate to my said husband for and during his natural life, and I do hereby order and direct that my said husband be at liberty to use as much of the principal of said residuary personal estate as he may desire or need for any purpose whatsoever."

Section 133 of the real property law (Laws 1896, p. 580, c. 547) provides:

"Every power of disposition by means of which the grantee is enabled, in his lifetime, to dispose of the entire fee for his own benefit, is deemed absolute."

This and the other related sections of the real property law have been passed upon repeatedly by the Court of Appeals, and it seems to be well settled that, because of the statutory provision, the beneficiary under a will like the one in question takes an absolute fee, and especially where, as in this case, "no remainder is limited on the estate of the grantee of the power." Section 131, Real Property Law (Laws 1896, p. 580, c. 547). The terms of the statute are plain and have been given full effect. Cutting v. Cutting, 86 N. Y. 534; In re Moehring, 154 N. Y. 428, 48 N. E. 818; Deegan v. Wade, 144 N. Y. 578, 39 N. E. 692; Hume v. Randall, 141 N. Y. 499, 36 N. E. 402.

There can hardly be serious doubt that the husband took the absolute fee, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.