In the Matter of the Estate of AL HAYMAN, Deceased.*

Surrogate's Court, New York County, February 5, 1930.

*Affd., 229 App. Div. 853.

*Rose & Paskus* [*Louis J. Vorhaus* of counsel], for the estate of Minnie Hayman.

*Cohen, Cole, Weiss & Wharton* [*Robert E. Samuels* and *Robert H. Wrubel* of counsel], for Alice H. Kerbs and others.

*Herbert H. Maass* [*Monroe L. Friedman* of counsel], for Irma Rosenberger and others.

*A. Loeb Salkin* [*A. Loeb Salkin* and *Henry S. Spiegelman* of counsel], for Lucille L. Milner and others.

*Bandler, Haas & Collins* [*John F. Collins, Harry L. Haas* and *Harry Merwin* of counsel], for Blanche Boas and another.

|*Arthur T. O'Leary*, for Irene Coleman.

*John T. Magan*, for St. Joseph's Home for the Aged.

*Stroock & Stroock* [*Robert D. Steefel* of counsel], for Montefiore Hospital for Chronic Diseases.

*Jacob I. Goodstein*, for Actors Fund of America.

*White & Case*, for Bankers Trust Company.

*William F. Clare*, for Catholic Institute for the Blind.

*Joseph A. Arnold*, for Sanford J. Bernheimer.

*Kohlman & Austrian*, for Arthur J. Freund, trustee.

*Hoadly, Lauterbach & Johnson*, for Mount Sinai Hospital.

*Siegfried F. Hartman*, for Frederick Skrainka.

FOLEY, S. Supplementing my decision in this estate (134 Misc. 803), I hold: (1) That the class of " nephews and nieces " made remaindermen by paragraph 7 of the will must be limited to the children of testator's sisters, Rose Hochstadter, Blanche Meyer and Ella Bernheimer, named in that paragraph. By the language used therein, the testator has so clearly defined the class that no rules of construction can be applied thereto save the general rule that testator's intention must be sought in all of his words, and when clearly expressed by him must be enforced. Grace A. Seymour, Arthur J. Mack and the estate of Alfred Mack are, therefore, not entitled to distribution in the residuary estate for they are not children of the three sisters named. This holding, however, does not deprive them of their right to distribution in the $250,000 fund which I have held must be distributed as intestate property. In this fund they take the share given them by the Statute of Distribution as nieces and nephews of the testator.

(2) The estate of the widow is also entitled to the share which

the statute gives to a surviving spouse when the next of kin are brothers and sisters and their descendants, to wit, one-half of the fund plus $2,000. The contention that the widow forfeited all other rights to share in the estate by her election to take the provisions given her in lieu of dower is without merit. The cases relied on by the objecting niece and nephews (*Matter of Silsby*, 229 N. Y. 396; *Matter of Benson*, 96 id. 499; *Chamberlain* v. *Chamberlain*, 43 id. 424; *Matter of Hodgman*, 140 id. 421) were distinguished by me in *Matter of Kelsey* (184 N. Y. Supp. 68). As pointed out in my decision, where a widow accepts other benefits in lieu of dower she is not estopped from sharing in a fund which passed by intestacy because of the invalidity of other portions of the will, unless the language of the will states that the benefits are given in lieu of dower *and all other rights in the estate*. In the present will the following language was used: " The provisions herein made for the benefit of my wife are in lieu of her dower and right of dower, of, in and to my estate." Such a statement, when the widow accepts the other provisions, bars her from receiving dower only, but does not prevent her sharing in the fund held to pass as intestate property. (*Matter of Kelsey, supra.*) The further contention that the greater part, if not all, of the fund must be treated as real estate is also overruled. The fund was sought to be set up in the following language: " On the death of my wife I direct my executors to retain and continue to hold in trust out of the principal of the estate so held in trust, *the sum of $250,000*, and to pay the net rents, issues and profits of the said trust fund of $250,000 so retained, to my brother Alf Hayman, during the term of his natural life." The account shows that the personalty in the hands of the trustees exceeds $400,000, or an amount more than sufficient to have set up the fund without resort to the real estate. The will also contained an authorization to sell the real estate if, in their discretion, the trustees found it necessary or convenient. There is no basis. therefore, for the contention that any part of the fund in question must be treated as real estate.

(3) The further objections regarding the amount of interest to be received by the distributees, and the failure of the decree to provide for the payment of income to the date of distribution, are sustained to the extent of fixing the rate of interest at six per cent and directing payment thereof to the date of distribution. Costs taxed. Correct decree in accordance with this decision and resubmit the same for signature.