In the Matter of the Estate of Leslie M. Whiting, Deceased.

Surrogate's Court, Monroe County, November 3, 1933.

*Sutherland & Sutherland,* for the petitioner.

*H. R. Glynn,* special guardian.

Feely, S.  On August 5, 1929, testator, having a wife and three children — all now of age except a son aged fourteen — and having also real and personal property, asked a person unskilled in law to draft a last will and testament for him.  This draftsman testified testator said he meant to leave to his widow everything he had.  Confining ourselves, however, to the wording of the will itself, it appears that a stationer's printed blank form was filled out by typewriting into it, after the direction to pay debts and funeral expenses, this paragraph:

" *Second.* I give, devise and bequeath all my worldly estate and all the property real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my death, to my wife * * * during her natural life, and to be disposed of as she may consider advisable."

Then the printed part of the form appointed the wife " executrix * * * with full power to sell and convey, lease or mortgage real estate."

Petitioner urges this created a fee or absolute title to the estate

in the widow. The special guardian argues it gave the widow presently only a life estate, but with a power to dispose of the fee that was unrestricted; and that until she actually exercise this power of invasion and disposition, the fee remains in the widow and children, subject to the power.

This latter view was, for a time, sustained by the older cases; but the presence of the power, and the absence of a remainder over have become decisive factors by reason of the changes made in the traditional rule by the Revised Statutes, which are now embodied in the Real Property Law (sections 149 and through 153). In the absence of a gift over, a gift to the legatee only, with power to dispose of the property, creates a fee; and this is so even where the gift is somewhat qualified, as e. g., to the legatee " during her natural life to be retained or disposed of as she may think proper " (*Matter of Lynn*, [1901] 34 Misc. 681, 682), or to the legatee " for and during his natural life and * * * he shall be at liberty to use so much of the principal * * * as he may need for any purpose whatever." (*Ryder* v. *Lott*, [1908] 123 App. Div. 685; affd., 199 N. Y. 543.) In such cases, " There being no gift over, the estate is declared to be an ' absolute fee ' by the provisions of section 151 of the Real Property Law." (Davids N. Y. Law of Wills, § 817.)

Under section 151 of the Real Property Law, " where such a power [*i. e.*, an absolute power of disposition, not accompanied by a trust] of disposition is given, and no remainder is limited on the estate of the grantee of the power, such grantee is entitled to an absolute fee."

" The provisions of the Real Property Law (see section 149 *et seq.*) have the effect of enlarging an estate which is expressed to be for life of the individual, where the will confers upon the taker a power to dispose of the property at his death." (Davids N. Y. Law of Wills, § 818.)

These enactments seem to be meant to remove the indefiniteness which is inherent in estates that rest only on implication.

Had there been a gift over in this will, as if it had read, " to my widow for her natural life and to be disposed of as she may consider advisable," and " should any part thereof remain unsold at the time of her decease " it is to be divided among testator's children, this latter clause being the substance of the will in *McLean* v. *MacDonald* ([1848] 2 Barb. 534, 537, cited in Davids N. Y. Law of Wills in § 823), the result would be different. Under the common-law rule, where the first taker was given an absolute power to dispose of the property, the devise over of the residue was considered ineffectual, by reason of the first taker having been given a power which was absolute and unrestricted; but where the power given the first taker was to be exercised only for specified purposes,

or in certain circumstances, *e. g.*, for his support, or during his lifetime (*Matter of Westcott*, 16 N. Y. St. Repr. 286, 289), then even under the common-law rule, the limitation over is not invalidated. " Any doubt upon the subject should be dispelled by the·decision in *Leggett* v. *Firth* ([1892] 132 N. Y. 7, 11), which settled definitely that section 57 [of the Real Property Law] abrogated the common law rule which declared ineffectual a gift over after a gift with power in the taker to dispose of the property in his lifetime." (Davids N. Y. Law of Wills, § 824; and see §§ 823, 825.)

This section 57 of the Real Property Law perpetuates a portion of the Revised Statutes to the effect that " an expectant estate shall not be adjudged void in its creation by reason of the fact that it may be defeated by an act which is provided for or authorized by the testator. And other statutory provisions recognize the validity of a gift over after a gift with power in the taker to dispose of the property." (Davids N. Y. Law of Wills, § 824.)

When those rules speak of a " gift over " they mean one that is expressed in the will, as a dispositive provision, and not as a mere wish or precatory request. (*Keefe* v. *Keefe*, 134 Misc. 705.) The fact that the Statute of Descent effectuates what, in some cases, is a similar result, is not regarded as a factor in the scope or application of these rules and statutes.

It follows that petitioner is entitled to the decree prayed for, that the widow is entitled absolutely to the whole estate, both real and personal.

Submit for settlement and entry a decree in accord with this decision.