In the Matter of the Estate of BURNETT C. MACINTYRE, Deceased.

Surrogate's Court, New York County, November 1, 1937.

*Earle & Rust*, for the City Bank Farmers Trust Company, trustee.

*Samuel J. Warms*, for Harriet B. MacIntyre, Kathryn F. MacIntyre, now known as Kathryn MacIntyre Slater, and Elizabeth E. MacIntyre Hayes, objectants.

*Joseph A. Gavagan*, special guardian for infants.

DELEHANTY, S. By paragraph eighth of his will deceased established a trust for the payment of income to his sister Mary J. MacIntyre during her life, the principal on her death to become a part of his residuary estate. In paragraph ninth he created another trust for the benefit of another sister, Ella J. MacIntyre, with income payable to her for life and on her death the principal to become also a part of his residuary estate. The will disposes of the residuary estate as follows:

" *Tenth.* All the rest, residue and remainder of my estate both real and personal, which I may have at the time of my death and any real or personal estate of which I may have power to dispose of by virtue of any Last Will and Testament or otherwise, I give, devise and bequeath to my trustees hereinafter named in trust, nevertheless, to invest and to keep the same invested and to collect

the income, profit and interest thereof and to pay the net amount thereof in equal monthly payments to my wife, Hattie E. MacIntyre for her comfort, use and support during her life or until she remarries.

" *Eleventh*. After the death or remarriage of my wife, Hattie E. MacIntyre, I direct that all the property mentioned in the tenth clause of this my last will and testament shall be divided into two parts to be disposed of as follows:

" I give, devise and bequeath one part thereof to my son Clifford B. MacIntyre, absolutely to him and his heirs forever. The other part thereof, I give, devise and bequeath to my trustees hereinafter named in trust, nevertheless, to invest and to keep the same invested and to collect the income profits and interest thereof and to pay the net amount thereof to my son, Clifford B. MacIntyre during his life. Upon the death of my said son Clifford B. MacIntyre, I give, devise and bequeath the principal of said trust to the children of my said son then living, share and share alike, and the issue then living of any child or children of my said son who shall have previously died, leaving issue then living, the children of any deceased child taking the portion to which he or her parent would have been entitled if then living. I direct that during the minority of any such child or children that the general guardian of such child or children shall have the control and management of the share of said child or children and shall have the right to apply the income of said share to the maintenance, support and education of such child or children."

Deceased died on February 9, 1927. His son Clifford died on January 14, 1930. Deceased's widow died on April 27, 1930, without having remarried. Deceased's sisters, the income beneficiaries of the trusts established in paragraphs eighth and ninth, are still living. Since the son predeceased the widow the residuary trust terminated upon her death.

The trustees have filed their account as trustees of the residuary trust and request a construction of the will to determine the ultimate disposition of the principal of the trusts under paragraphs eighth and ninth when these trusts shall terminate upon the deaths of the respective life beneficiaries. The question of construction arises because, as stated, the principals of these two trusts are to become part of the residuary estate. One-half of the remainder interest in each of the funds set apart under paragraphs eighth and ninth of the will vested in the son at the death of deceased. Upon the death of respective beneficiaries one-half of the capital of the terminated trust is payable to his estate.

At the time of the death of deceased there was a possibility that the other half of these two trust funds would continue in

trust for three lives, that is for the life of one sister, the life of the widow and the life of the son. The validity of the trusts during the lives of the sisters is not questioned. The provisions for them are clearly severable from the provisions of the residuary trust. (*Matter of Horner*, 237 N. Y. 489; *Matter of Trevor*, 239 id. 6.) It is unnecessary to consider the validity of the further trusts for the widow in the two funds since she predeceased the two life beneficiaries. It is argued that since the widow and son both predeceased the life tenants there can be no suspension of alienation beyond the term of one life in either trust and hence that one-half in each trust principal on the death of the widow vested in the children of the son under the terms of the trust of one-half the residue for the benefit of the son and his issue. It is claimed that the gift to the widow and son are alternative or contingent and that illegality in the trust provisions cannot be declared merely because the gift to the children might have proved invalid if the intervening lives had terminated in a different order. (Cf. *Matter of Trevor*, 239 N. Y. 6.)

The gift to the widow of income on the whole of the two funds and the gift to the son of income of one-half of the funds were neither alternative nor contingent as these terms are used in *Matter of Trevor* (*supra*). Neither can it be successfully contended that the gift of principal to the son's issue after the death of both the widow and the son is an alternative gift. An alternative gift is one which is to take effect only in the event of the failure of a prior gift. Here the deceased intended that the two gifts of income and the gift of principal were all three to take effect and none of them was to take effect merely because one of the other two failed.

All future estates must be limited so that in every contingency they will absolutely terminate within the statutory period. (*Matter of Perkins*, 245 N. Y. 478; *Matter of Wilcox*, 194 id. 288.) The fact that both the widow and the son died prior to the death of the two sisters of deceased has no bearing on the validity or invalidity of the trusts under paragraphs eighth and ninth and under the residuary clause of the will. The will must be construed not by what has happened but what might have happened if the widow had survived the sisters and the son in turn had survived the widow. (*Bishop* v. *Bishop*, 257 N. Y. 40; *Monypeny* v. *Monypeny*, 202 id. 90; *Matter of Perkins*, *supra*.) Since at the death of deceased there was a possibility that one-half of each of the funds under paragraphs eighth and ninth might be held in trust for a period exceeding two lives in being, deceased died intestate as to one-half of each fund. (Real Prop. Law, § 42; Pers. Prop. Law, § 11; *Matter of Beale*, 213 App. Div. 13; *Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Perkins*, *supra*.)

The benefits for the widow under the terms of the will are expressed in paragraph twelfth " to be in lieu and bar of any dower rights she may or might have in my estate." Since this provision is limited to dower and does not refer to any other interest she might have in the estate the widow's estate is entitled to share in the intestate property. (*Matter of Hayman*, 136 Misc. 199; affd., 229 App. Div. 853; affd., 256 N. Y. 557.)

Objections have been filed to the commissions claimed by the trustees. The first objection relates to the payment of receiving commissions on the sum of $870 which amount represents decrease in the value at which the trustees received certain securities. The trustees are entitled to receiving commissions on the value of the assets at the time they were received. This objection is overruled.

During the administration of the trust two mortgages were foreclosed by the trustees and they now hold title to the real estate upon which the mortgages formerly were a lien. They have reported the real estate as having the capital value of the mortgages thus foreclosed. In the course of the foreclosure and of the handling of the property when foreclosed, disbursements were made by the trustees out of the principal of the estate. In the schedule of commissions the trustees have included as a basis for their paying-out commissions the real property valuation which, as stated, is the capital value of the mortgages foreclosed and also have included the amount paid in the salvage operations. The court has no information as to the real worth of the assets which the trustees now possess in lieu of the mortgages which they once held. In order to determine the proper basis for paying-out commissions there must be furnished to the court information as to the value at the time of distribution of the two properties acquired in foreclosure. Both the items of original mortgage principal and of disbursements for salvage operations are to be eliminated for the purpose of computing commissions. The true rule is that the moneys paid from capital account to salvage the mortgages is to be deemed a reinvestment and that expenditures for such purpose do not constitute payments which justify commissions. (*Beard* v. *Beard*, 140 N. Y. 260.) The moneys so paid out for salvage are not " moneys paid out of the estate for debts, expenses of administration and to legatees or other beneficiaries, moneys which operate to diminish the estate as it exists in the hands of the trustees and pass out of and away from the estate." (*Beard* v. *Beard, supra*, 265. Compare *Matter of Schinasi*, 252 App. Div. 82.) The trustees now have assets for distribution which are the product of original mortgage investments plus the use of salvage moneys. Those assets, to wit, the real estate, have a value for the purpose of distribution. That value and only that value is the thing distributed and only on that

value are commissions computed. The objection to the commissions as claimed is sustained because of the form in which the account is cast. Whether the amount of commissions claimed is more or less than the amount due cannot be ascertained until a value has been assigned to the real estate to be distributed. If the parties cannot agree on the value for the purpose of computing commissions the court will take proof on this point at the time the decree is submitted for signature.

Objection third questions the manner in which the trustees have computed commissions on income from real estate. The rule has been stated in *Matter of Schinasi* (252 App. Div. 82). Under subdivision 9 of section 285 of the Surrogate's Court Act, one charge of five per cent may be made against the gross rents. No other charge against gross rents is permissible except such as are authorized by *Matter of Schinasi*. Ordinary commissions are chargeable only against net rents available for distribution to the beneficiaries. The parties may agree upon a statement of the commissions on rents heretofore taken and upon the basis now presented by the trustees for further allowance of commissions. If they cannot so agree proof on this point also will be taken on the settlement of the decree.

Submit, on notice, decree construing the will and settling the account in conformity with this decision.