In the Matter of the Estate of ANNA MAY NEUWIRTH, Deceased.

Surrogate's Court, Broome County, February 10, 1939.

*Robert E. Dempsey,* for James Dempsey, Jr., and others.

*Arthur J. Ruland,* for Thomas A. Lavery and John Chupay, executors of Adolph P. Neuwirth, deceased.

BAKER, S.  The material facts respecting the construction question as they appear from the record are as follows:

Testatrix executed her will October 21, 1932, and died November 2, 1934.  The will was probated in this court December 5, 1934, and letters testamentary thereon were duly issued to Adolph Philip Neuwirth.  No accounting as executor of said estate was made by the said Adolph Philip Neuwirth, who died testate August 21, 1936.  Following his death, and on January 25, 1937, letters of administration with the will annexed upon the estate of said Anna May Neuwirth, deceased, were duly issued to James Dempsey, Jr The will of Adolph P. Neuwirth was probated in this court April 4, 1938, and letters testamentary thereon were duly issued to Thomas A. Lavery and John Chupay.

At the time of the death of said Anna May Neuwirth her immediate family consisted of her husband, the said Adolph P. Neuwirth,

with whom she lived in the city of Binghamton, N. Y. She had no children or descendants. Her collateral relatives consisted of four nephews.

The net residuary estate of said testatrix consisted only of personal property amounting to less than $10,000.

With this background of facts, the seventh paragraph of the instant will pertinent in this construction proceeding must next be examined.

" *Seventh.* All the rest, residue and remainder of my property of every name, description and nature and wheresoever located, I give, devise and bequeath unto my husband, Adolph Philip Neuwirth, for and during the term of his natural life.

" It is my intention to make ample provision for my husband out of and from the residue of my estate and if, for any reason, the use and income of said residue is not sufficient to make ample provision for my said husband, then and in that event, he is to have the right to use so much of the principal thereof as may be necessary for that purpose and his decision alone as to such necessity shall be final."

The language in this paragraph presents the question as to whether the husband received an absolute gift of the residuary estate, as no remainder was limited thereon under this or any other provision of her will, or did testatrix die intestate as to such remainder?

In my opinion, testatrix did not limit or restrict her husband in the use of the income or corpus of her property in any manner whatsoever, and the power conferred upon him was an absolute power of disposition (Real Prop. Law, § 153) of all of her property. It has been frequently held that the grantee of such a power, where no remainder was limited over, was vested under the statute (Real Prop. Law, § 151) with an absolute fee in real property and absolute ownership in personal property. (*Ryder* v. *Lott*, 123 App. Div. 685; affd., 199 N. Y. 543; *Deegan* v. *Wade*, 144 id. 573; *Matter of Moehring*, 154 id. 423; *West* v. *West*, 215 App. Div. 285; *Rood* v. *Watson*, 54 Hun, 85; *Matter of Lynn*, 34 Misc. 681; *Matter of Enright*, 109 id. 337; *Matter of Whiting*, 149 id. 382; *Matter of Marsullo*, 160 id. 148.)

The parallel between this case and *Matter of Dean* (166 Misc. 499), recently decided by this court, is almost exact, and I, therefore, hold and determine in the instant case that the testatrix by the power granted in the will, under the statute, vested in her husband, Adolph P. Neuwirth, absolute ownership in all of her personal property, and that he could dispose of the same as he saw fit. He has disposed of the same by will, which he had a perfect right to do.

Even if it should be determined that intestacy results as to the remainder, the rule is well settled that it vests in those persons entitled under the Statute of Distribution in effect at the time of her death. An early case on the subject is *Hoes* v. *Van Hoesen* (1 Barb. Ch. 379) which has repeatedly been followed by authoritative determination. (*Matter of Tompkins*, 154 N. Y. 634; *Clark* v. *Cammann*, 160 id. 315; *Doane* v. *Mercantile Trust Co.*, Id. 494; *Matter of Wilcox*, 194 id. 288; *Matter of Durand*, 250 id. 45.)

Under the Statute of Distribution (Dec. Est. Law, § 83, subd. 4) in effect at the time of the death of said testatrix, the said Adolph P. Neuwirth would be entitled to the entire amount of her net residuary estate.

Enter decree on five days' notice.