In the Matter of the Accounting of ESTHER C. VON G. LEYSER, as Substituted Trustee, and GEORGE H. BURTIS et al., as Executors of ADELAIDE C. VON G. WALSH, Deceased Substituted Trustee, under the Will of JOHN VON GLAHN, Deceased.

Surrogate's Court, Kings County, January 26, 1950.

*George H. Burtis,* in person, for petitioners.

*Beals & Nicholson* for Marion W. von Glahn, as executrix of John D. von Glahn, deceased, respondent.

*Robert B. Hamilton* for American Surety Company.

McGAREY, S. In this proceeding to settle the account of the sole surviving trustee and of the deceased substituted trustee a construction of the will is sought to determine the proper distribution of the remainder of the trust created for the benefit of testator's widow which has terminated by her death. Under the provisions of paragraphs '' Second '' and '' Third '' of his will testator created a trust of his residuary estate for the benefit of his widow during her life or until her remarriage and on the termination thereof to divide the corpus into as many parts as he might leave children him surviving and to hold each of such parts on further trust for the benefit of the child for whom it was created during his or her life. Provision is made for advancement of any part or the whole of the share set apart in trust for each child; this provision is not presently material. Testator has failed to provide for the disposition of the principal of such secondary trusts on the death of the children for whom they were erected.

Testator left him surviving a widow, who did not remarry, and four children. Three of his children predeceased the widow. The deaths of such children prior to the termination of the primary trust does not defeat the direction of testator that the remainder be divided into as many shares as he left children

surviving. Accordingly, the corpus must be divided into four shares, one share to be continued in trust for the benefit of his sole surviving child. The remaining three shares, which would have been erected into trusts for the other children, had they survived, must be distributed as though they had actually been set up and terminated at the respective deaths of such children. (*Matter of Fordham*, 235 N. Y. 384.) Testator has failed to provide by his. will for distribution of the remainders of the secondary trusts on the deaths of the respective children for whom he directed their erection. Consequently, the shares of the three children who survived testator but predeceased his widow, devolve as in intestacy. (*Clark* v. *Cammann*, 160 N. Y. 315, 329; *Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494, 499; *Matter of Storum*, 220 App. Div. 472, 476; *Matter of Williams*, 162 Misc. 507, 509; *Matter of Neuwirth*, 170 Misc. 57, 59.) Testator died in 1906, wherefore distribution of the three shares must be made in accordance with the laws of descent and distribution in effect at that date. The law in effect as of testator's death provides that real property of a decedent who died intestate or which passes as in intestacy because of failure to provide by will for its distribution, descends to his descendants, per stirpes, subject to the dower right of his widow (Former Real Property Law, § 281, as enacted by L. 1896, ch. 547); and his personal property, one third to his widow and two thirds to his lineal descendants, per stirpes (Code Civ. Pro., § 2732, as enacted by L. 1893, ch. 686).

The real property of which testator died seised is to be divided into four shares; one share is to be continued in trust for his surviving child with the remaining three parts descending as follows: three sixteenths to his surviving child, three sixteenths to the estates of each of his three children, who predeceased the widow, to be disposed of in accordance with their respective wills, or in accordance with the intestate laws as of their deaths, in the absence of wills. The personal property, including the real property acquired through foreclosure of mortgages in which one of the trustees invested funds of the estate (*Lockman* v. *Reilly*, 95 N. Y. 64, 71; *Haberman* v. *Baker*, 128 N. Y. 253, 261; *Matter of McManus*, 282 N. Y. 420, 426; *Matter of West*, 289 N. Y. 423, 428; *Matter of Valionis*, 176 Misc. 110) is distributable as follows: one fourth part to the trust for the surviving child, one fourth part to the estate of the widow, one eighth to the surviving child and one eighth to the estates of each of the three children who predeceased testator's widow. The widow's estate is not precluded from sharing in the intestate personal property,

although the provisions for her in the will are stated to be in lieu of dower. *(Matter of Hayman,* 136 Misc. 199, 200, affd. 229 App. Div. 853; affd. 256 N. Y. 557; *Matter of MacIntyre,* 164 Misc. 895, 899; *Matter of Tienken,* 177 Misc. 997, 1000; *Matter of Sheifer,* 178 Misc. 340, 342.)

Proceed accordingly.