■ In the Matter of the Accounting of FIRST NATIONAL BANK AND TRUST COMPANY OF CORNING, as Trustee under the Will of JOHN MALONEY, Deceased, Respondent. WINIFRED RICHAR, as Executrix of MARIETTA M. WATSON, Deceased, et al., Appellants.— Decree insofar as appealed from reversed on the law and facts and matter remitted to the Surrogate's Court for entry of a decree in accordance with the memorandum, with costs to each party filing a brief payable out of the estate. Memorandum: The appeal from the decree of the Surrogate's Court brings up for review the application of the rule against perpetuities as it relates to the will of the testator. Since the will was executed on May 23, 1933 and the testator died on January 12, 1937 the amendments to the Personal Property Law (§ 11) and the Real Property Law (§ 42) by chapters 152 and 153 of the Laws of 1958, effective September 1, 1958, are not here applicable. We are unable to agree with the result arrived at by the learned Surrogate. The will set up a trust of the residue of the estate, the net income of which was to be paid to testator's widow during her natural life and to pay her funeral expenses upon her death. Power of invasion of principal by the trustee for the comfortable maintenance and support of the widow was provided. Thus the power of alienation was suspended for one life. The testator's wife survived until October 28, 1956. The will further provided that after the death of testator's wife, the trust should "continue during the life of my nephew, John Harris Maloney, or my brother, Daniel Maloney, whichever shall longer survive, and to pay the net income of said trust fund to the said John Harris Maloney and Daniel Maloney, in equal shares during the lives of both". Both John and Daniel survived the testator. The brother, Daniel, died March 9, 1940 and the nephew, John Harris Maloney, is now living. The doctrine of severability cannot here be employed since there was no disposition of the corpus of the trust until the death of the survivor of the brother and nephew. The will provides: "At the death of the said Daniel Maloney or John Harris Maloney, whichever longer survives, I direct that the corpus or principal of said trust fund shall be given absolutely". We may not draw a new will for the testator. Whatever his intention may have been, he suspended the power of alienation of the corpus of the trust for three lives in being, contrary to the applicable statutes. The trust was void. (*Matter of Durand,* 250 N. Y. 45 and authorities there cited.) The residuary estate must be distributed as in intestacy. The distributees must be ascertained as of the death of the testator, including the widow. The will provided that the provisions made therein for the benefit of the wife "are in lieu of dower". Dower was abolished by chapter 229 of the Laws of 1929. Pursuant to the first sentence of section 190 of the Real Property Law (eff. Aug. 31, 1930), the widow had dower in lands of her husband of which he was seized prior to September 1, 1930. Thus the widow, having accepted the provisions of the will in lieu of her dower, waived such dower rights as to such real property of which her husband was seized prior to September 1, 1930. She waived no other rights, however, in his estate. (*Matter of von Glahn,* 197 Misc. 675 and authorities there cited.) The remainders could not, under the provisions of this will, be accelerated.

" The law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course ". (*Matter of Durand, supra*, p. 55; *Kalish* v. *Kalish*, 166 N. Y. 368.) All concur. (Appeals from parts of a decree of Steuben Surrogate's Court construing trusts created by will of testator.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ. [11 Misc 2d 96.]